UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEANETTE L. DUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:14-CV-1974 JD |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is a motion by Plaintiff's counsel for approval of attorneys' fees

pursuant to 42 U.S.C. § 406(b). [DE 34]. Plaintiff Jeanette L. Dunn brought this suit to contest a

denial of disability benefits by the Defendant Commissioner of Social Security [DE 1]. The

Court found in the Plaintiff's favor and remanded the case to the Commissioner for further

proceedings [DE 28]. The Plaintiff then filed a motion for attorneys' fees under the Equal Access

to Justice Act, to which the Commissioner did not object, so the Court awarded the Plaintiff

$6,395.05 in attorneys' fees [DE 33].

On remand to the Commissioner, the Commissioner found in Ms. Dunn's favor and

awarded her past-due benefits in the amount of $75,350.00. Plaintiff's counsel then filed the

instant motion pursuant to 42 U.S.C. § 406(b), seeking the Court's authorization of a payment of

$12,837.50 in attorneys' fees pursuant to his contingent fee agreement with Ms. Dunn, subject to

his refunding EAJA fees to her. The Commissioner has no objection to Plaintiff's counsel's fee

request. [DE 34 at 4].

## I. LEGAL STANDARD

Fees for representing social security claimants, both administratively and before the federal court, are governed by 42 U.S.C. § 406. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 795–96 (2002). Section 406(a) controls fees for representation in administrative proceedings and § 406(b) controls attorney fees for representation in court, and the combination of these fees cannot exceed 25% of a claimant's past-due benefits award. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government, and the fee is payable "out of, and not in addition to, the amount of past-due benefits." *Id*. (citing 42 U.S.C. § 406(b)(1)(A)). Thus, under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . .". *Id*.  Moreover, § 406(b) has been harmonized with the EAJA. Specifically, "Congress provided authority for awarding fees for the same work under 42 U.S.C. § 406 and the EAJA in the 1985 EAJA amendments, so long as the smaller fee is refunded to the client." *Ward v. Sullivan,* 758 F. Supp. 1312, 1315 (E.D. Mo. 1991); *see also Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)"); *Hanrahan v. Shalala,* 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) ("[W]hen attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant.").

Furthermore, the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent-fee agreements. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.

Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . .

Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807–08 (citations and footnotes omitted).

## II. DISCUSSION

Here, Plaintiff's counsel requests that the Court authorize under § 406(b) the payment of attorneys' fees in the amount of $12,837.50, subject to his refunding EAJA fees of $6,395.05 to Ms. Dunn. While twenty-five percent of Ms. Dunn's past due benefits totals $18,837.50, counsel already received $6,000.00 for work done at the administrative level in this matter. Counsel spent 31.3 hours litigating this matter, so under a lodestar approach, this would equate to $410.14 per hour. That seems reasonable for this type of work. Moreover, the Seventh Circuit has estimated that only 34.95% of social security cases that are appealed to the federal courts result in the claimant's receipt of benefits. *Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011). When multiplying the hourly rate in this case by the general rate of success, the effective hourly rate becomes $143.35, which is lower than the hourly rates that are commonly awarded under the EAJA.[1] Counsel's extensive experience in this practice area and the result he achieved for his client also support the reasonableness of his fee request.

---

[1] Granted, this does not take into account cases where the district court remands the case and the Commissioner again denies benefits, in which case the attorneys may receive fees under the EAJA even though they will not receive a portion of the past-due benefits. However, this calculation still provides some further support for the reasonableness of counsel's rate.

Therefore, considering the above factors, along with the Commissioner's lack of objection and the fact that other district courts have found similar awards to be reasonable, the Court concludes that counsel's request is reasonable and grants the request. However, as discussed above, and as counsel acknowledge, the lesser of the amount of attorneys' fees awarded under § 406(b) and under the EAJA must be refunded to the claimant. Therefore, while the Court awards counsel $12,837.50 in fees under § 406(b), it also orders him to refund the EAJA attorneys' fee award, or $6,395.05, to Ms. Dunn. *See Gisbrecht*, 535 U.S. at 796.

### III.  CONCLUSION

Plaintiff's counsel's petition for attorneys' fees pursuant to 42 U.S.C. § 406(b)(1), [DE 34], is GRANTED.  The Court ORDERS that payment by the Commissioner in the amount of $12,837.50 be paid directly to Plaintiff's counsel, Barry A. Schultz.  The Court further ORDERS counsel to refund Ms. Dunn $6,395.05 upon receipt of this sum.

SO ORDERED.

ENTERED:  February 13, 2017

       /s/ JON E. DEGUILIO
Judge
United States District Court